FRANKLIN | SOTO LLP
Cheryl Dunn Soto, SBN 250892
cheryl@franklinsoto.law
Joshua D. Franklin, SBN 264536
josh@franklinsoto.law
501 West Broadway, Ste. 1760
San Diego, CA 92101
Tel:  619.872.2520
Fax:  619.566.0221

*Attorneys for Plaintiff Bouncing Angels, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| BOUNCING ANGELS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE BURLINGTON INSURANCE COMPANY, a North Carolina corporation,<br><br>Defendant. | Case No: 5:17-cv-00015<br><br>COMPLAINT FOR:<br>1. BREACH OF CONTRACT (DEFENSE COSTS);<br>2. BREACH OF CONTRACT (SETTLEMENT COSTS);<br>3. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Bouncing Angels, Inc. ("BAI") respectfully alleges as follows:

---

COMPLAINT AND JURY DEMAND

-1-

## NATURE OF ACTION

1. BAI manufactures inflatables, bouncers, moonwalks and similar items in the United States.

2. After being sued by a competitor for claims including alleged copyright infringement, BAI tendered a claim under a commercial general liability insurance policy issued by Defendant, The Burlington Insurance Company ("Burlington"). Notwithstanding Burlington's obligations under the policy, it failed to accept coverage or defend BAI in the lawsuit. Burlington also failed to thoroughly investigate BAI's claim before denying coverage and, as set forth below, had no reasonable basis for its actions.

3. BAI brings this action to recover, among other things, amounts it was required to pay, as a result of Burlington's wrongful denial, in defending and ultimately settling the action brought by its competitor.

## PARTIES, JURISDICTION, AND VENUE

4. BAI is a corporation formed under the laws of the State of California with its principal place of business in Rancho Cucamonga, California.

5. Burlington is a North Carolina corporation with its principal place of business in North Carolina. Burlington is not a citizen of California.

6. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1332(a)(1), because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7. Venue is proper in this District under 28 U.S.C. § 1391(b)(1), (c)(2) and (d) in that Burlington is subject to personal jurisdiction in this District and is therefore deemed to reside here. Venue is also proper under 28 U.S.C. § 1391(b)(2) because the contract of insurance which is the subject of this action was entered into and was to be performed within this District and the underlying events giving rise to BAI's

claim for coverage occurred within this District.

## FACTUAL ALLEGATIONS

**A.  Burlington Issued a Policy Insuring BAI Against Lawsuits Seeking Damages Because of "Personal and Advertising Injury"**

8.   Burling issued a commercial general liability insurance policy to BAI with policy number 154BW23993 and policy period November 29, 2012 to November 29, 2013 (the "Policy").

9.   The Policy obligates Burlington to defend and indemnify BAI against lawsuits seeking damages because of "personal and advertising injury."

10.  The Policy defines "personal and advertising injury" to include injury arising out of the offense of "[i]nfringing upon another's copyright, trade dress or slogan in your 'advertisement'."

11.  "Advertisement" is defined in the Policy to mean "a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters" and includes "material placed on the Internet . . . ."  Furthermore, "that part of a web-site that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement."

12.  The Policy's limit of liability for "personal and advertising injury" sustained by any one person or organization is $1 million, with defense costs to be paid in addition to this limit.

**B.  BAI is Named as a Defendant in a Lawsuit Accusing BAI of Infringing a Competitor's Copyright and Trade Dress**

13.  On October 4, 2013, BAI and another entity, EZ Inflatables, Inc., were sued by a competitor, WhatRU Holding, LLC, in a lawsuit styled *WhatRU Holding, LLC v. Bouncing Angels Inc., et al.* (the "Lawsuit").  The Lawsuit was originally filed in the District of Minnesota and assigned Case No. 0:13-CV-02745-JNE-TNL.

---

COMPLAINT AND JURY DEMAND
-3-

The Lawsuit was transferred to the Central District of California on July 7, 2014 and assigned Case No. 2:14-CV-05187-BRO-PLA.

14. The complaint alleged that Bouncing Angels during an unspecified time period offered for sale on its website a product, identified as "Carousel Jumper," that infringed upon the copyrighted work of WhatRU Holding, LLC ("WhatRU").

15. On September 18, 2014, WhatRU filed an amended complaint alleging, *inter alia*, that BAI (1) advertised on its website and other unspecified places "certain products such as that identified as 'Carousel Jumper'" and "such as that identified as 'Fire Engine'" which infringed WhatRU's copyrights; and (2) infringed WhatRU's trade dress by advertising products that used trade dress substantially and confusingly similar to WhatRU's non-functional trade dress, identified as "Carousel Bouncer" and "Fire Truck Bus."

16. The allegations described above exposed BAI to potential liability for damages because of "personal and advertising injury" covered by the Policy.

**C. Burlington Wrongfully Denied a Duty to Defend *WhatRU Holding v. Bouncing Angels***

17. BAI tendered to Burlington the defense of the complaint and amended complaint. Burlington responded to the tenders by wrongfully denying that it owed any duty to defend, leaving BAI to mount and fund its own defense. BAI has suffered damages as a result of that denial, including damages in the form of defense and settlement costs in amounts to be proven at trial.

**FIRST CLAIM FOR RELIEF**

**Breach of Contract (Defense Costs in *WhatRU Holding v. Bouncing Angels*)**

18. BAI incorporates and re-alleges paragraphs 1 through 17 as though fully set forth herein.

19. BAI performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the Policy.

COMPLAINT AND JURY DEMAND
-4-

20. Burlington breached the terms of the Policy by wrongfully denying insurance benefits to BAI, which benefits are now due and payable in respect of all amounts reasonably incurred by BAI in the defense of the Lawsuit.

21. As a direct and proximate result of Burlington's above-referenced breaches of contract, BAI has been damaged in an amount to be proven at trial. Said damages include, but are not limited to, legal fees in excess of $140,000 which were paid by BAI to defend the Lawsuit. Such damages exceed the Court's jurisdictional minimum.

## SECOND CLAIM FOR RELIEF

**Breach of Contract (Settlement Costs in *WhatRU Holding v. Bouncing Angels*)**

22. BAI incorporates and re-alleges paragraphs 1 through 21 as though fully set forth herein.

23. BAI performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the Policy.

24. Burlington breached the terms of the Policy by wrongfully denying insurance benefits to BAI, which benefits are now due and payable in respect of all amounts incurred by BAI to settle the Lawsuit.

25. As a direct and proximate result of Burlington's above-referenced breaches of contract, BAI has been damaged in an amount to be proven at trial. Said damages include, but are not limited to, a settlement payment made to WhatRU in the amount of $95,000. Such damages exceed the Court's jurisdictional minimum.

## THIRD CLAIM FOR RELIEF

**Breach of the Implied Covenant Of Good Faith and Fair Dealing**

26. BAI incorporates and re-alleges paragraphs 1 through 25 as though fully set forth herein.

27. A relationship of trust and confidence was established between

Burlington, on the one hand, and BAI, on the other hand, by virtue of BAI's status as an insured under the Policy. Burlington had a duty to deal fairly and in good faith with BAI in all matters between them.

28. BAI is informed and believes and on that basis alleges that, in connection with the Lawsuit, Burlington breached its duty of good faith and fair dealing by, among other things, knowingly and willfully engaging in the following conduct:

    a. Failing to thoroughly investigate BAI's defense tenders;

    b. Failing to defend BAI upon learning facts which gave rise to a potential for covered liability under the Policy;

    c. Failing to give at least as much consideration to the welfare of BAI as it did to its own interests;

    d. Unreasonably adopting narrow and arbitrary interpretations of the exclusions in the Policy, including interpretations that were wholly at odds with California law and inconsistent with the Policy's own provisions;

    e. Disregarding California law in evaluating its defense obligation;

    f. Wrongfully and unreasonably denying a duty to defend in conscious disregard of California insurance law and BAI's rights; and

    g. Compelling BAI to file the present lawsuit in order to obtain contractual benefits due under the Policy despite being specifically advised by BAI regarding the reasons why its denial was erroneous.

29. As a direct and proximate result of the above-referenced breaches of the duty of good faith and fair dealing, BAI has been damaged in an amount to be proven at trial. Said damages exceed the jurisdictional minimum required by this Court.

30. BAI is informed and believes and on that basis alleges that Burlington denied and continued to deny insurance benefits to BAI despite knowing facts which clearly and unambiguously demonstrated that it owed BAI a defense in connection

---

COMPLAINT AND JURY DEMAND
-6-

with the Lawsuit. Despite this knowledge, however, Burlington made a calculated decision to wrongfully deny BAI's claim for a defense and gamble that its denial would go unchallenged. Burlington intentionally denied BAI's insurance claim despite knowledge of its coverage obligations and acted with an intent to enrich itself while injuring and harming BAI. Burlington's conduct in this matter satisfies the statutory grounds of "oppression, fraud or malice" so as to justify an award of punitive damages in order to punish it and to deter such conduct in the future.

## JURY TRIAL DEMAND

31. BAI demands trial by jury on all triable issues.

## PRAYER FOR RELIEF

WHEREFORE, BAI prays for judgment against Burlington as follows:

1. For damages sustained as a result of the breaches and tortious breaches of contract alleged herein, according to proof:

2. For attorney's fees, including, but not limited to, an award of fees and costs pursuant to *Brandt v. Superior Court*, 37 Cal. 3d 813 (1985);

3. For punitive damages pursuant to California Civil Code § 3294; and

4. For prejudgment interest, costs and expense of suit, and such other and further relief as the Court deems just and proper.

DATED: January 5, 2017

Respectfully submitted,

FRANKLIN | SOTO LLP

*/s/ Cheryl Dunn Soto*
Cheryl Dunn Soto
Joshua D. Franklin
Email: cheryl@franklinsoto.law
Email: josh@franklinsoto.law

*Attorneys for Plaintiff Bouncing Angels, Inc.*